RECEIVED
IN ALEXANDRIA, LA
NOV 16 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

HENRY C. VANTHA                    CIVIL ACTION NO. 09-375

VERSUS

UNITED STATES OF AMERICA       DISTRICT JUDGE DEE D. DRELL
and JOE KEFFER                 MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Before the court is a complaint filed by Henry C. Vantha on behalf of himself, his deceased son, Peter Selasith Vantha ("Peter Vantha"), and his minor daughter Paulina S. Vantha. Named as defendants to the suit are the United States of America on behalf of the Federal Bureau of Prisons and Joe Keffer, Warden of the Pollock Federal Correctional Complex ("Warden Keffer"). In the complaint, plaintiff alleges claims for wrongful death and civil rights violations.

The defendants filed a Motion to Dismiss (Doc. Item 6) June 15, 2009. Vantha filed an opposition thereto on July 15, 2009 (Doc. Item 10) and the defendants filed a reply on July 25, 2009 (Doc. Item 15). These motions are currently before me for Report and Recommendation.

### Law and Analysis

Plaintiff's complaint sets forth allegations that Peter Vantha's death was caused by the negligent or wrongful acts or omissions of the defendants. Such a claim is properly considered

under the Federal Torts Claim Act ("FTCA") and plaintiff must provide notice of the claim to the appropriate federal agency in order to begin exhausting administrative remedies.[1] After the filing of the motion to dismiss, plaintiff conceded in his opposition that he "did not exhaust administrative remedies by presenting an administrative tort claim pursuant to the Federal Bureau of Prisons; however, plaintiff is not required to present an administrative claim for a violation of civil rights." (Doc. Item 10, p.1). Accordingly, any wrongful death claim under the FTCA is considered abandoned and the United States should be dismissed as a defendant.[2]

Plaintiff's only remaining claim is a civil rights violation

---

[1] "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by negligent or wrongful act or omission of any employee of the Government while acting in the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final dispositions of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purpose of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim." 28 U.S.C. §2675.

[2] The United States submitted supporting documentation to support its 12(b)(1) argument that the court lacked subject matter jurisdiction over the FTCA claim. Because this claim was abandoned, the evidence was not considered.

under Bivens[3] against a single defendant, Warden Keffer. Defendants contend this claim should also be dismissed as plaintiff has failed to state claim upon which relief can be granted. In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must have "enough facts to state a claim of relief that is plausible on its face." Bell Atl. Corp. V. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." In re S. Scrap Material Co., 541 F.3d 584, 587 (5th Cir. 2008). The court must accept all well plead facts as true and view them in a light most favorable to the non-moving party. Id.[4]

Paragraphs 15 and 16 of plaintiff's complaint contain the assertions that Peter Vantha's civil rights were violated.

> 15.
> Plaintiff avers that the Warden, Joe Keffer, and his agents or prison guards, all employees of the United States of America, and under his authority violated the civil rights of Peter Selasith Vantha causing his death and are thereby liable for punitive damages.

---

[3] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), as Bivens affords a victim of unconstitutional conduct by a federal actor or agent a direct remedy under the Constitution.

[4] Defendant submitted evidence in support of his opposition to the 12(b)(6) motion. However, this evidence was not considered in the determination of this motion. Therefore, the motion should not be converted to a motion for summary judgment.

> 16.
> Additionally, plaintiff avers that the defendant, Joe Keffer, and his agents, security guards, and employees intentionally, willfully, and with deliberate indifference deprived Peter Selasith Vantha of his civil rights while incarcerated at the Pollock Correctional Complex.

(Doc. Item 1). In other paragraphs of the complaint, plaintiff asserts prison officials were negligent with respect to the supervision, care, custody and control of inmates, failure to provide prompt medical care and failure to timely respond to the attack.

While <u>Bivens</u> does allow for claims for constitutional violations to be brought directly against federal employees, "personal involvement is an essential element of a civil rights cause of action." <u>Thompson v. Steele</u>, 709 F.2d 381, 382 (5th Cir. 1983), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983). Further, "supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." <u>Mouille v. City of Live Oak, Texas</u>, 977 F.2d 924, 929 (5th Cir. 1992), *cert. Denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). Neither the complaint nor plaintiff's opposition to the motion for summary judgment contain a single factual allegation of Warden Keffer's involvement nor that he enacted a policy which in and of itself served as a deprivation of a constitutional right.

Therefore, plaintiff fails to state a claim for violation of Peter Vantha's civil rights.

Finally, plaintiff's allegation that Warden Keffer is responsible for the actions of other prison officials also fails to state a claim upon which relief can be granted. It is well settled that a respondeat superior is not an available cause of action in a <u>Bivens</u> action. <u>Cronn v. Buffington</u>, 150 F.3d 538, 545 (5th Cir. 1998) ("There is not doctrine of respondeat superior in <u>Bivens</u> actions, and thus supervisory federal officials may be held liable only upon two bases: personal involvement in the acts causing the deprivation of a person's constitutional rights, or implementation of a policy so deficient that he policy itself acts as a deprivation of constitutional rights").

Accordingly, as plaintiff has abandoned his FTCA claim and fails to state a claim for civil rights violations, the complaint should be dismissed.

### Conclusion

Based on the foregoing, IT IS RECOMMENDED defendants' motion to dismiss (Doc. Item 6) be GRANTED and plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from the service of this Report and Recommendation to file specific,

written objections with the Clerk of Court.  A party may respond to another party's objections with **ten (10) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 16th day of November, 2009.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE